In the Matter of RCA COMMUNICATIONS, INC., Petitioner. N. Y. COMMODITIES CORPORATION et al., Respondents.

Supreme Court, Special Term, New York County, October 3, 1949.

*Lawrence J. McKay* for petitioner.

*Gabriel Rubino* and *Joseph Rogers* for respondents.

McGEEHAN, J. In judicially interpreting those statutory enactments concerning commercial and business space in localities

like New York City, certain controversial matters should be resolved in the interests of the tenants, the landlords, the lawyers and the public generally. It should be fairly obvious that the underlying purpose of these enactments is to protect the tenants from unjust, unreasonable and oppressive rents and at the same time to afford to the landlords a reasonable rent for the space occupied. Such reasonable rent has been fixed by the Legislature at 8% of the fair value of the property and in addition the cost of maintenance and operation of the building. These factors are quite clear. However, the procedure outlined in these enactments is not clear and concise and is described in language that is capable of multiple interpretations. Hence, in the interest of clarity, this court will enunciate a policy that it considers adequate and reasonable in construing the laws involved.

1. Bills of particulars, as prescribed in section 4 of chapter 314 of the Laws of 1945, as amended by chapter 535 of the Laws of 1949, must be furnished as therein specified, regardless of the proceeding instituted.

2. That whether the proceeding be brought under chapter 534 of the Laws of 1949 for commercial space, or chapter 535 of the Laws of 1949 for business space, the basic return on store space must be determined separately from the other space, whether it be commercial or office.

While the court is aware of the fact that there are outstanding decisions contrary to this policy, the fact remains that some uniformity must be established and if no substantial harm is suffered by a landlord in supplying certain information in a specified proceeding, then no substantial injury can be reasonably anticipated if such course is pursued in the exercise of discretion vested in the court. Hence, this court will exercise its discretionary powers as far as is practicable to effect the purposes contemplated by the Legislature and approved by the Governor in the existing emergency.

Accordingly, this motion is granted to the extent of deleting items 5 and 8 from the demand. Item 6b3 is amended by striking therefrom the portion following the word " thereof " in the fourth line. In the event that the particulars furnished under demand 7 disclose that the same services are not furnished to all tenants, the petitioner is to comply with demands 6b1, 6b4 and 6b5. Motion denied in all other respects. The petitioner's time to serve the bill is extended to twenty days after service of a copy of this order, with notice of entry.