In the Matter of Court & Remsen Building Corp., Petitioner. Hillard Pollack et al., Respondents.

Supreme Court, Special Term, Kings County, October 26, 1949.

*Judd & Gurfein* for landlord, petitioner.

*Hillard Pollack* and others for tenants, respondents.

Di Giovanna, J. In a proceeding pursuant to section 4 of the Business Rent Law as amended (L. 1945, ch. 314, as amd. by L. 1949, ch. 535) to fix a reasonable rental under the so-called alternative procedure outlined in the section, the petitioner moves to vacate or modify the various demands for bills of particulars served by the tenants on the ground that such alternative procedure does not provide for the service of a bill of particulars and that the items requested do not come within the scope of such amendment.

It is my view that the construction placed upon this section, as amended, by the petitioner is unsound. Prior to the passage of the amendment a landlord was permitted to apply to the Supreme Court to obtain a rent exceeding the emergency rent. The Legislature set forth the procedure and formula to be followed in arriving at such a rental. As part of the proceeding the landlord was directed to serve a verified bill of particulars in accordance with the items set forth in the section. The basis of the proceeding was to allow a landlord a return of 6% on the fair value of the entire property plus 2% of principal for amortization of any mortgage, or in the alternative, 2% for depreciation of the entire property. At the past session of the Legislature this section was amended permitting an alternative method in computing a rent exceeding the emergency rent. Such method provides that a landlord is entitled to a net annual return of 6% on the fair value of the entire property plus 2%

of the value of the entire property which is deemed the basic return; that when the amount of such basic return has been determined, the court shall then determine the fair rental value per square foot by applying the rentable space into the basic return.

The purpose of this amendment is succinctly set forth in subdivision (h) of the final report of the New York State Temporary Commission to Study Rents and Rental Conditions, submitted March 23, 1949 (N. Y. Legis. Doc., 1949, No. 52, p. 18), which reads as follows:

" (h) An alternative to 6 per cent plus 2 per cent formula is recommended to determine rental value per square foot.

" A survey by the Commission and its predecessor Committee has shown a considerable number of instances where the rent paid by certain tenants is less than would yield a fair return to the owner on the proportionate space occupied. In many cases the owner is without a remedy, because the rents received from the entire property preclude relief.

" Under the proposed amendment a landlord of either commercial or business property would be afforded an additional remedy by petitioning the Supreme Court to require a statutory tenant whose emergency rent for the proportionate space occupied by him is less than would yield a fair return to the landlord, to pay a rental which will give the landlord a fair return for the space so occupied. The rent so fixed would thereafter be deemed the emergency rent. Existing written leases would not be impaired, nor would the status of those statutory tenants be changed whose rent for the proportionate space occupied by them is equal to or in excess of a rental which would yield a fair return to the landlord."

Apparently, the Legislature in adopting this rationale created the new amendment and made it a part of the original section (L. 1949, ch. 535), the phraseology of the language employed being comprehensive. The new paragraph in dispute clearly states: " In any such alternative proceeding to fix rents in a building or other rental area, the court shall first determine the basic return * * * in each instance *as in this section prescribed.*" (Italics supplied.)

The second paragraph of the same section still requires the landlord " in any proceeding, or arbitration *under this section* " (italics supplied) to serve a verified bill of particulars in accordance with the items set forth in the section. The language of the new paragraph does not create a new and exclusive pro-

cedure independent of the rest of the section. The Legislature merely added a new paragraph to an existing section without in any way indicating that the new paragraph was to be considered unrelated to the rest of the section. It is fair to assume that if the Legislature had intended to create a new procedure unrelated to the then existing section it would have created a wholly new and independent section.

Though there are decisions in the first department, at Special Term, holding that a landlord need not serve a bill of particulars of the items set forth in section 4, where the proceeding is predicated on the " alternative " method, I am in accord with the decision of Mr. Justice McGeehan in the *Matter of R. C. A. Communications* (*New York Commodities Corp.*) (196 Misc. 675, 676), where the court held that " Bills of particulars as prescribed in section 4 of chapter 314 of the Laws of 1945, as amended by chapter 535 of the Laws of 1949, must be furnished *as therein specified,* regardless of the proceeding instituted." (Italics supplied.)

The motion is denied as to the tenants Glyco Products Co., Inc., Hirsch, Edelstein, Korn, Halpern and Goldinger.

The motion as to the tenants Frank G. Colgan, Joseph Aranow, George & Weiss, Abraham L. Doris, M. Alice Gottesman, Eidler & Woolf, Abraham Pruzan, George Abrams, Francis J. Hughes, Harry R. Schwartz, Murray Rosenberg, A. Lloyd Lott and William C. McCreery, Hillard Pollack, Solomon Berger, Stuart Management Co., Inc., Morris Stern, Charles Burston, Julius Levine and Charles Birnbaum, Lewis Anker, Joseph C. Bottitta, Samuel J. Jacobson and Max Thaler, Frederick W. Beyer, Harry Baron and Rubin Baron d/b/a Baron & Baron, Harold Straus and Arnold Miller, William Adler, Edgar A. Palmieri and William F. X. Geoghan, Herrick, Feinstein & Rossman and Christopher T. Lawless is granted as to item 9b, which is stricken from the demand; otherwise denied.

The motion as to the tenants Oberlander and Schwartz is granted as to items 9a, 9b, 16, 17, 18 and 20, which are stricken from the demand; otherwise denied.

The motion as to the tenant Shanik is granted as to item 9, which is stricken from the demand; otherwise denied.

The motion as to the defendant General Exterminating Corp. is granted, without prejudice to the service of a proper demand *if* so advised. The demand as constituted fails to set forth specific items to which the petitioner can reply.